FILED
DALLAS COUNTY
3/24/2016 4:34:29 PM
FELICIA PITRE
DISTRICT CLERK

Freeney Anita

CAUSE NO. DC-16-03451

| | | |
|---|---|---|
| John Wyles | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| Lizama Carriers, LLC and Juan Carlos Martinez Reyes | § § | |
| | § | |
| *Defendant*. | § § | J-191ST _____ JUDICIAL DISTRICT |

## Plaintiff's Original Petition

John Wyles (hereinafter "Plaintiff") complains of Lizama Carriers, LLC and Juan Carlos Martinez Reyes (hereinafter collectively referred to as "Defendants") and would respectfully show the court the following:

### I.

### Discovery Level

1. Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

### II.

### Jurisdiction and Venue

2. The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because Defendants reside in this county.

### III.

### Parties

3. Plaintiff is a resident of Mississippi.



4. Defendant <u>Juan Carlos Martinez Reyes</u> is a Texas citizen and may be served through personal service at <u>2705 Timberlake Drive, Irving, Texas 75062</u>, or wherever he may be found.

5. Defendant <u>Lizama Carriers, LLC</u> is a Texas company and may be served through its registered agent Yesmin Lizama at 1711 W Irving Boulevard, Suite 211, Irving, Texas 75061.

## IV.

## Facts

6. On or about February 23, 2016, Plaintiff John Wyles suffered severe and debilitating injuries as a result of Defendant's negligence. Specifically, Plaintiff was driving on westbound on Interstate 20 in Brazos, Texas when suddenly, Defendant Juan Carlos Martinez Reyes ("Juan Carlos") was driving dangerously and without warning struck Plaintiff's vehicle from behind. Mr. Juan Carlos was driving a tractor-truck which was owned, operated and maintained by Defendants. As a result of this severe impact, Plaintiff was caused serious injuries to his head, neck, back and other parts of his body. To compound matters, upon information and belief, the tractor-trailer was not operating with its headlights on. At all relevant times, the Mr. Juan Carlos was acting in the course and scope of his employment with Defendant Lizama Carriers, LLC's benefit and subject to its control, and acting in furtherance of a mission for Defendant Lizama Carriers, LLC's benefit and subject to its control.

## V.

## Causes of Action

*A. Negligence Against All Defendants.*

7. Plaintiff repeats and realleges each allegation contained above.

8. Plaintiff sustained injuries because of Defendants' negligence and gross negligence when Defendants:

- Failed to maintain a safe distance;

- Failed to operate their tractor-truck safely;

- Failed to properly train their driver;

- Failed to keep a proper lookout;

- Failed to maintain a safe speed;

- Failed to maintain their vehicle;

- Failed to operate their vehicle with adequate lighting;

- Failed to use proper equipment and lighting; and

- Other acts so deemed negligent and grossly negligent.

9. Defendant should also be held liable as a matter of law for their violations of the Texas Transportation Code and the Federal Motor Carrier Statutes.

10. On balance, Defendant owed a duty consistent with the foregoing, and breached each of foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendant's negligence, the Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for his injury. Defendant's actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff

is entitled to exemplary damages.

B.  *Negligence Per Se' Against Defendants*

11. Defendant's conduct described herein constitutes an unexcused breach of duty imposed by Texas Transportation Code Section 644 *et seq.* which section acts as a tie in to Code Sections 545.062, 545.351, 547.302 and 545.401.

12. Plaintiff is a member of the class that Texas Transportation Code Sections 545.062, 545.351, 547.302 and 545.401 were designed to protect.

13. Defendants unexcused breach of the duties imposed by Texas Transportation Code Sections 545.062, 545.351, 547.302 and 545.401 proximately caused Plaintiff's injuries described herein.

### PLAINTIFF'S CLAIM OF *RESPONDEAT SUPERIOR* AGAINST LIZAMA CARRIERS, LLC

14. At the time of the occurrence of the act in question and immediately prior thereto, Mr. Juan Carlos was within the course and scope of employment for Mr. Lizama Carriers, LLC.

15. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Juan Carlos was engaged in the furtherance of Lizama Carriers, LLC's business.

16. At the time of the occurrence of the act in question and immediately prior thereto, Mr. Juan Carlos was engaged in accomplishing a task for which Mr. Juan Carlos was employed.

17. Plaintiff invokes the doctrine of *Respondeat Superior* as against Defendant Lizama Carriers, LLC.

## AGENCY

18. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant Lizama Carriers, LLC, occurred within the scope of the actual or apparent authority of such person on behalf of this Defendant.

19. Therefore, Lizama Carriers, LLC is liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

### C. *Negligent Hiring (against Lizama Carriers, LLC)*

20. Plaintiff repeats and realleges each allegation contained above.

21. Plaintiff sustained injuries as a result of Defendant's negligent hiring because of Defendant's:

- Failure to conduct a reasonable and adequate interview of Mr. Juan Carlos as a potential employee.

- Failure to properly follow up on information not provided by Mr. Juan Carlos in the interview process.

- Failure to conduct a proper employment and background check.

- Failure to sufficiently investigate Mr. Juan Carlos' training, prior employment, criminal record, and past.

- Failure to perform the required screening, testing, and physical of Mr. Juan Carlos.

- Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a tractor/trailer on the highways of the State of Texas.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### D. *Negligent Training (against Lizama Carriers, LLC).*

22. Plaintiff repeats and realleges each allegation contained above.

23. Plaintiff sustained injuries as a result of Defendant's negligent training because of Defendant's:

- Failure to explain and demonstrate its safety policies and procedures to Mr. Juan Carlos.

- Failure to provide the necessary training to Mr. Juan Carlos regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of vehicle in various situations.

- Failure to properly train its drivers regarding all aspects of driver safety.

- Failure to train its employees, including Mr. Juan Carlos, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.

- Failure to provide and/or require regular follow-up driver education and training.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### E. *Negligent Supervision, Retention, and Monitoring (against Lizama Carriers, LLC)*

24. Plaintiff repeats and realleges each allegation contained above.

25. Plaintiff sustained injuries as a result of Defendant's negligent supervision, retention and monitoring because of Defendant's:

- Failure to monitor Mr. Juan Carlos to make sure that he was complying with policies and procedures.

- Failure to interview and test Mr. Juan Carlos to make sure he had read, and was familiar with, understood, and followed the company policies and procedures.

- Failure to implement proper policies and procedures for its employees, including Mr. Juan Carlos, regarding driver safety and vehicle safety.

- Failure to document and make a determination regarding fault in the accident made the basis of this suit.

- Failure to supervise Mr. Juan Carlos to insure that he was keeping the vehicle properly maintained.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### F. *Negligent Entrustment (against Lizama Carriers, LLC)*

26. Plaintiff repeats and realleges each allegation contained above.

27. Plaintiff sustained injuries as a result of Defendant's negligent entrustment because Defendant:

- Provided a vehicle to Mr. Juan Carlos who was not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

## VI.

## DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, John Wyles, was caused to suffer severe and debilitating personal injuries, bodily injury, physical impairment, loss of household services, pain, suffering, and mental anguish, and to incur the following damages, in excess of $1,000,000.00: Plaintiff prays for relief and judgment, as follows:

- Compensatory damages against Defendant;
- Actual damages;
- Consequential damages;
- Pain and suffering;
- Exemplary damages
- Past and future mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Interest on damages (pre- and post-judgment) in accordance with law;
- Plaintiffs' reasonable attorneys' fees;
- Costs of court;
- Expert witness fees;
- Costs of copies of depositions; and
- Such other and further relief as the Court may deem just and proper.

## VII.

### Prayer

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which he may show himself justly entitled.

## VIII.

### Jury Trial Demanded

Plaintiff hereby demands a trial by jury.

        Respectfully Submitted,

        ARNOLD & ITKIN LLP

        /s/ Kurt Arnold

        _____
        Kurt B. Arnold
        SBN: 24036150
        karnold@arnolditkin.com
        J. Kyle Findley
        SBN: 24076382
        kfindley@arnolditkin.com
        Kala F. Sellers
        SBN: 24087519
        ksellers@arnolditkin.com
        6009 Memorial Drive
        Houston, TX  77007
        Tel: 713.222.3800
        Fax: 713.222.3850
        e-service@arnolditkin.com

        **ATTORNEYS FOR PLAINTIFF**